UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MOSES CHOICE #306273,
        Plaintiff,                    Case No. 2:13-cv-87
v.                                        HON. R. ALLAN EDGAR

PENNY FILION,
        Defendant.
_____/

## MEMORANDUM OPINION

Plaintiff, Moses Choice, is an inmate in the Michigan Department of Corrections (MDOC). The events giving rise to his complaint occurred at MDOC's Kinross Correctional Facility (KCF). Plaintiff alleges that Defendant Penny Filion, a registered nurse at KCF, refused to provide him with his prescribed medication and to provide timely treatment, thereby violating his rights under the Eighth Amendment of the U.S. Constitution. This case came before the Court for a bench trial on December 18, 2014.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

To prove that plaintiff received inadequate medical care, plaintiff must prove defendant Filion exhibited deliberate indifference to plaintiff's serious medical needs. Accordingly, plaintiff must prove that he had a serious illness or injury; that defendant Filion was aware of plaintiff's serious need for medical care; that defendant, with deliberate indifference to the illness or injury of plaintiff failed to provide him with the medical care or failed to allow him to obtain medical case needed within a reasonable time; that plaintiff was injured as a result of defendant Filion's deliberate indifference; defendant Filion was acting under color of state law.[1]

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must show that the medical need at issue is sufficiently serious. *Id.* In other words,

---

[1] 3B O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, § 166.21.

the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if

the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, No. 13-1673, slip op. at 12 (6th Cir. Apr. 9, 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, No. 13-5315, slip op. at 4-5 (6th Cir. Apr. 4, 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

On October 8, 2010, Plaintiff presented at the KCF medical office with a swollen left knee, which was draining. Defendant Nurse Filion took plaintiff's vital signs; took a culture of the affected area; cleansed the wound; and dressed the wound.

On October 11, 2010 plaintiff returned to have his dressing changed. Another nurse (not Filion) changed the dressing. On October 12, 2010, the lab report from the culture was returned. It revealed a positive diagnosis of MRSA. Because MRSA is extremely contagious, plaintiff was placed in medical quarantine for nine days until his situation improved. On November 12, 2010 plaintiff returned to health services complaining of a boil on his buttocks, but declined to allow Nurse Filion to examine it.

Another health professional prescribed Bactrim, an antibiotic for his knee and buttocks (apparently thinking that the buttocks problem may have been related to the MRSA). Plaintiff was also prescribed Bactriban, a nasal spray, by someone else. Medical records show that Nurse Filion gave these meds to plaintiff on November 11 and 12, 2010. Plaintiff claims that Filion terminated the Bactriban. However, the records do not back this up. In fact, plaintiff did receive this medication from other medical personnel for two more days, when the prescription was

3

terminated. There is no evidence that Nurse Filion terminated the medication, or even that she had the authority to do so.

In sum, there is no evidence that any action or inaction on the part of Nurse Filion even remotely approached cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff did have a serious medical condition. However, nothing that Nurse Filion did, or did not do, amounted to deliberate indifference. To the contrary, her limited contact with plaintiff demonstrated a positive medical response to plaintiff's medical needs.

Finally, plaintiff has not shown that he suffered any damages as a consequence of any action or inaction, on Nurse Filion's part.

For the above reasons, judgment will be entered for the defendant.

**SO ORDERED**.


Dated:   12/18/2014                         */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Court Judge